UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANNY SIMPSON and MARIA SIMPSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:05-cv-558-LJM-VSS |
| ) | |
| CHALLENGER MOTOR FREIGHT and ) | |
| LARRY RUOHO, ) | |
| ) | |
|    Defendants. ) | |

### ENTRY REGARDING MOTION FOR PROTECTIVE ORDER

This cause is before the magistrate judge on the motion for protective order filed by defendant Challenger Motor Freight, Inc. ("Challenger").  The motion is fully briefed, and the magistrate judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below.

This case arises out of an accident in which the truck driven by defendant Larry Ruoho, an employee driver of Challenger, struck plaintiff Danny Simpson as he was performing his job as a tow truck operator on the side of the highway.  In the instant motion, Challenger objects to three of the topics in the plaintiffs' Rule 30(b)(6) deposition notice:  information about Challenger's training of its drivers (topic no. 2);  information about the criteria Challenger uses to make hiring and retention decisions about its drivers (topic no. 3); and matters contained in the personnel file of Ruoho (topic no. 4).  Because the plaintiffs have not asserted claims for negligent hiring, retention, or training against Challenger, Challenger argues that the information sought in these three topics is not relevant to the claims and defenses in this case and therefore is not discoverable.  *See* Federal Rule of Civil Procedure 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party.").

The magistrate agrees with Challenger that the information sought in topics nos. 2 and 3 are not discoverable and **grants** the motion for protective order as to them, with the exception that the plaintiffs may question Challenger regarding the training received by Ruoho, as well Challenger's knowledge of his background and experience, both now and at the time he was hired.  The magistrate judge finds topic no. 4 to be within the scope of relevant discovery in this case, and therefore **denies** the motion for protective order as to that topic.

SO ORDERED:   05/02/2006

_____
V. Sue Shields, Magistrate Judge

Copies to:

Edward W. Hearn
JOHNSON & BELL
hearne@jbltd.com powelld@jbltd.com

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com pjessup@wkw.com